UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEVELAND ROLLARSON,<br><br>  Petitioner,<br><br> v.<br><br>UNNAMED,<br><br>  Respondent. | No.  1:24-cv-01536-KES-SKO (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITH PREJUDICE, DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE<br><br>(Doc. 5) |

Petitioner Cleveland Rollarson is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On December 19, 2024, the assigned magistrate judge issued findings and recommendations to dismiss the petition for failure to state a cognizable claim for relief and failure to name a proper respondent.  Doc. 5.  Those findings and recommendations were served upon all parties and contained notice that any objections thereto were to be filed within twenty-one (21) days after service.  On January 2, 2025, petitioner filed objections to the findings and recommendations.  Doc. 7.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1), the Court has conducted a de novo review of the case. Having carefully reviewed the file, the Court concludes that the magistrate judge's findings and recommendations are supported by the record and proper analysis.

In his objections, petitioner asks that he be permitted to amend the petition to restate his claims to present a cognizable federal claim. *See* Doc. 7 at 3–4. Any attempt to do so, however, would be futile. As noted by the magistrate judge, petitioner is challenging the California state courts' denial of his motion/petition for resentencing pursuant to California Penal Code § 1170.95. It is well established that federal courts must defer to the state courts' interpretation of state sentencing laws. *Bueno v. Hallahan*, 988 F.2d 86, 88 (9th Cir.1993). An error in applying state sentencing law does not state a claim for federal habeas relief. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994); *Watts v. Bonneville*, 879 F.2d 685, 687 (9th Cir. 1989). However, a state court's misapplication of state sentencing law may violate due process if a petitioner can demonstrate both state sentencing error and that the error was "so arbitrary or capricious as to constitute an independent due process [violation]." *Richmond v. Lewis*, 506 U.S. 40, 50 (1992). Nevertheless, a habeas petitioner "may not . . . transform a state-law issue into a federal one merely by asserting a violation of due process." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996).

The state court denied petitioner resentencing pursuant to California Penal Code § 1170.95, a state statute which "amend[ed] the felony murder rule and the natural and probable consequences doctrine . . . to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." *People v. Rollarson*, F085765, at *5 (Cal. Ct. App. Nov. 6, 2023) (citations omitted). After an evidentiary hearing, the state trial court determined that petitioner was not entitled to resentencing because petitioner pled guilty to "intentionally killing" the victim, and he was therefore the "actual killer." *Id.* at *6–8. Section 1170.95 does not provide for relief if one is the actual killer. *Id.* Petitioner does not explain how the state misapplied the state sentencing law or how that purported error was so

1     arbitrary or capricious as to violate his due process rights.

2         In his objections, petitioner argues that his federal due process rights were violated in his
3     collateral state proceeding (in which he sought resentencing) by his attorney's failure to timely
4     provide him with a copy of the state court of appeal decision in his case.  Petitioner argues that
5     that this delay led to the California Supreme Court dismissing as untimely his appeal of the
6     resentencing denial.  Petitioner appears to seek leave to amend his petition to add an ineffective
7     assistance of counsel claim regarding his collateral proceeding, but any such claim would fail
8     because "[t]here is no [federal] constitutional right to an attorney in state post-conviction
9     proceedings."  *Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *see also People v. Lewis*, 11
10    Cal. 5th 952, 973 (2021) (Senate Bill 1437 "created a purely statutory right to counsel, . . . [t]hus,
11    the trial court's failure to appoint counsel . . . was state law error only.").  Therefore, any leave to
12    amend to assert such a claim would be futile.

13        Having found that petitioner is not entitled to habeas relief, the Court now turns to
14    whether a certificate of appealability should issue.  A petitioner seeking a writ of habeas corpus
15    has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is
16    allowed only in certain circumstances.  *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003).  If
17    the Court denies a habeas petition on the merits, the Court may issue a certificate of appealability only
18    "if jurists of reason could disagree with the district court's resolution of [the petitioner's]
19    constitutional claims or that jurists could conclude the issues presented are adequate to deserve
20    encouragement to proceed further."  *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484
21    (2000).  While the petitioner is not required to prove the merits of his case, he must demonstrate
22    "something more than the absence of frivolity or the existence of mere good faith on his . . . part."
23    *Miller-El*, 537 U.S. at 338.

24        In the present case, the Court finds that reasonable jurists would not find the Court's
25    determination that the petition should be denied debatable, wrong, or deserving of encouragement to
26    proceed further.  Petitioner has not made the required substantial showing of the denial of a
27    constitutional right.  Therefore, the Court declines to issue a certificate of appealability.
28    / / /

3

Accordingly,

1. The findings and recommendations issued on December 19, 2024, Doc. 5, are adopted in full;
2. The petition for writ of habeas corpus is dismissed with prejudice;
3. The Clerk of Court is directed to enter judgment and close the case; and
4. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:    January 12, 2025

UNITED STATES DISTRICT JUDGE

4